IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTENUS DIAZ DICKERSON,      *

   Plaintiff                 *

v.                            *       CIVIL NO. JKB-17-2361

FREDERICK BRICK WORKS, INC.,  *

   Defendant                 *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has reviewed Defendant's motion for a stay in this case (ECF No. 13), Plaintiff's opposition thereto (ECF No. 14 and 15), and Defendant's reply (ECF No. 16) and finds Defendant's motion meritorious for the reasons stated in the motion and the reply. Even though this case has been brought pursuant to 42 U.S.C. § 1981 (with supplemental state law claims of intentional infliction of emotional distress and negligent retention) (Compl., ECF No. 1), Plaintiff has pending in the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights ("MCCR") administrative charges alleging the same wrongful conduct (Ans. 10th Defense, ECF No. 12; Def.'s Mot. Stay Supp. Mem. ¶¶ 1-4, ECF No. 13-1). Further, Plaintiff acknowledges he intends to amend his complaint to include causes of action under Title VII of the Civil Rights Act of 1964 as well as the corresponding Maryland state statute, Md. Code Ann., State Gov't § 20-606, and he also acknowledges that "the causes of action contain nearly identical issues." (Pl.'s Opp'n ¶¶ 5, 6, ECF No. 15.)

It is certainly possible that the administrative proceedings could resolve some or all of Plaintiff's complaints, and it would be a waste of resources to move forward with discovery on

the § 1981 claim without knowing whether the federal and state statutory claims will or will not be included in the case. Moreover, it is still well within the 180-day period prescribed by 42 U.S.C. § 2000e-5(f)(1) for the EEOC to investigate Plaintiff's charges. The same is true for administrative charges filed in the MCCR. Md. Code Ann., State Gov't § 20-1013 (prescribing 180-day period for complainant in MCCR proceeding to wait before filing suit). Thus, a stay will be granted.

The Court considers it appropriate to stay the case to permit not only the 180-day period to run but also the additional period of sixty days allowed by 42 U.S.C. § 2000e-5(f)(1) for stay of a case pending termination of state administrative proceedings. The administrative charges were filed May 15, 2017. Thus, this case will be stayed through January 10, 2018, unless the Court is notified sooner than that of disposition of the administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to stay (ECF No. 13) IS GRANTED and this case IS STAYED through January 10, 2018, or until the Court is notified of termination of the administrative proceedings, whichever is earlier.

DATED this __10__ day of October, 2017.

BY THE COURT:

_____
James K. Bredar
United States District Judge